UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Cristobal Mendez Rivera, on behalf of himself and all other persons similarly situated,<br><br>Plaintiff,<br><br>- vs. –<br><br>Lord & J Detailing, and Joabe S. Demelo,<br><br>Defendants. | Index No. 17-cv-_____<br><br>COMPLAINT |

Plaintiff Cristobal Mendez ("Mendez" or "Plaintiff") on behalf of himself and all others similarly situated, by and through his attorneys, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Collective Action Complaint against Defendants Lord & J Detailing ("Lord & J"), and Joabe S. Demelo, (collectively "Defendants"), and alleges as follows:

### INTRODUCTION

1. Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violations of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. § 201 *et. seq.*, and the New York Labor Law, §§ 190 *et. seq.*, and Art. 19, §§ 650 *et. seq.*, and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. § 142 (collectively "NYLL").

2. Plaintiff brings this lawsuit against Defendants as a collective action on behalf of himself and all other similarly situated employees who suffered damages resulting from Defendants' violations of the FLSA pursuant to the collective action provisions of 29 U.S.C. § 216(b), and applicable state laws of the State of New York.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

4. This Court has supplemental jurisdiction over Plaintiff's NYLL claims because those Claims derive from a common nucleus of operative facts. 28 U.S.C. § 1367.

5. Venue is proper in the Eastern District of New York, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. At all times hereto, Plaintiff worked as a car cleaner for the Defendants in Kings County, and was based at Defendants' business in Brooklyn, New York.

7. Upon information and belief, at all times relevant to this Complaint, Defendants employed individuals to wash and clean cars on behalf of the Defendants.

8. Plaintiff is an employee of Defendants per the FLSA and NYLL.

9. Defendant Lord & J is an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). Specifically, Plaintiff washed the interiors and exteriors of cars for Defendants' customer, BMW.

10. Plaintiff and those similarly situated employees worked in interstate commerce, i.e., using the tools and products that have moved through interstate channels to offer a service for Defendants' customer.

11. Upon information and belief, at all times relevant to this Complaint, Lord & J's annual gross volume of sales made or business done was not less than $500,000.00.

12. Defendants are therefore within the jurisdiction and venue of this Court.

## PARTIES

13. Plaintiff is an adult individual who is a resident of Brooklyn, New York.

14. Plaintiff worked for Defendants full time as a car cleaner.

15. Plaintiff was employed by Defendants from approximately June 2014 to June 30, 2017.

16. Defendant Lord & J is a corporation located at 506 Dewey Avenue, Cliffside Park, New Jersey 07010. Lord & J is contracted by BMW of Brooklyn to clean and service its cars.

17. Upon information and belief, Defendant Joabe S. Demelo is a New York state resident.

18. Upon information and belief, at all times relevant to this Complaint, Defendant Demelo has been an owner, partner, officer and/or manager of Defendant Lord & J.

19. Upon information and belief, at all times relevant to this Complaint, individual Defendant Demelo has had power over personnel decisions at Defendant Lord & J, including the management of day to day operations, control over employee pay practices and the power to change same, and the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

20. Defendants Demelo was routinely present at Lord & J.

21. Defendant Demelo directed Plaintiff's work, set Plaintiff's work schedule, and set Plaintiff's rate of pay.

## FACTS

22. Based upon the information preliminarily available, and subject to discovery, Defendants did not properly compensate Plaintiff, and those similarly situated employees, for all overtime hours worked in a work week.

23. Plaintiff was hired as a car cleaner.

24. Plaintiff routinely worked six (6) days per workweek, from Monday through Saturday, with Sundays off.

25. Throughout his employment, Plaintiff was paid $11 per hour, and earned

3

approximately $660 each week.

26. During the relevant time period, Defendants had no time clock, time sheets, or any system whatsoever for recording the hours that Plaintiff worked. As such, Defendants did not record Plaintiff's start time, stop time, or meal breaks taken, if any.

27. Plaintiff routinely worked from 8:00 A.M. until 6:00 P.M. from Monday to Friday. On Saturdays, Plaintiff worked from 8:00 A.M. to 4:30 P.M.

28. Consequently, Plaintiff worked ten (10) hours per day from Monday to Friday, and eight (8) hours per day on Saturday. Plaintiff therefore worked fifty-eight (58) hours per week.

29. Plaintiff has not received one and one half times his regular rate of pay for hours worked over forty (40) hours per week.

## COLLECTIVE ACTION ALLEGATIONS

30. Upon information and belief, employees similarly situated to Plaintiff were also compensated at a weekly rate, despite working different hours daily for Defendants.

31. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA and NYLL, as described in this Complaint.

32. At all times material hereto, Plaintiff and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendants.

33. This cause of action is brought to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. § 216(b), as well as applicable provisions of NYLL, on behalf of Plaintiff and all other current and former employees similarly situated during the material time.

34. The records, if any, concerning the number of hours worked by Plaintiff and all other similarly situated employees as Plaintiff, are in the possession and custody of Defendants.

35. The records, if any, concerning the compensation actually paid to Plaintiff and all

other similarly situated employees, are in the possession and custody of Defendants.

36. At all times pertinent to this complaint, Defendants failed to comply with 29 U.S.C. §§ 201-209, as well as applicable provisions of the NYLL, in that Plaintiff and those similarly situated employees performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff and other similarly situated employees compensation to which they were lawfully entitled, including overtime compensation for all of the hours worked in excess of forty (40) within a work week.

37. The additional persons who may become Plaintiffs in this action are Defendants' non-exempt employees who have worked on or after August 9, 2014, and were not properly compensated.

38. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

## COUNT I
### Fair Labor Standards Act - Overtime

39. Plaintiff, on behalf of himself and all others similarly situated, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

40. Plaintiff is entitled to be paid additional compensation for each of his overtime hours worked per work period.

41. All similarly situated employees of Defendants are similarly owed their overtime rate for each and every overtime hour they worked and were not properly paid.

42. Defendants knowingly and willfully failed to pay Plaintiff and the others similarly situated to them at time and one half of their regular rate of pay for their overtime hours worked in a work period.

43. Because of said intentional, willful, and unlawful acts of Defendants, Plaintiff and

those similarly situated employees have suffered damages, and have incurred costs and attorneys' fees.

44. As a result of Defendants' willful violations of the Act, Plaintiff and those similarly situated employees are entitled to liquidated damages.

## COUNT II
### New York Labor Law - Overtime

45. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

46. Defendants engaged in a widespread pattern, policy, and practice of violating the NYLL.

47. At all relevant times, Plaintiff was employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

48. Plaintiff and those similarly situated employees are covered by the NYLL.

49. Defendants failed to pay Plaintiff all of the overtime wages to which he is entitled under the NYLL, Art. 19, §§ 650 *et. seq.*, and the supporting New York State Department of Labor regulations under 12 N.Y.C.R.R. § 142.

50. Defendants have failed to pay Plaintiff at a rate of one and one-half times his regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

51. Defendants' violations of the NYLL have been willful and intentional.

52. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants unpaid overtime, reasonable attorneys' fees and costs of the action, liquidated damages as provided for by NYLL § 198, and pre-judgment and post-judgment interest.

## COUNT III

**New York Labor Law – Wage Theft Prevention Act**

53. Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

54. Defendants have willfully failed to supply a notice as required by NYLL § 195, in English or in the language identified by Plaintiff as his primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer.

55. Defendants have willfully failed to supply Plaintiff with accurate statements of wages ("paystubs") as required by NYLL § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hours, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them,

  as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

c. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

d. An award of liquidated damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

e. Liquidated damages for Defendants' New York Labor Law violations;

f. Statutory damages for Defendants' violations of the New York Wage Theft Prevention Act;

g. Back pay;

h. Punitive damages;

i. An award of prejudgment and post judgment interest;

j. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

k. Such other, further, and different relief as this Court deems just and proper.

Dated: New York, New York
August 9, 2017

/s/ *Michael Samuel*
Michael Samuel, Esq.
SAMUEL & STEIN
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884

*Attorneys for Plaintiff and Proposed FLSA Collective*

**EXHIBIT A**

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Lord and J Detailing's and its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit. I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

_____
Cristobal mendez

Date: July 12, 2017